IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GINGER L. COLE; STEPHANIE, HOWARD; AND THE ESTATE OF ALFRED J. COLE, JR., DECEASED, AND HEIRS OF THE ESTATE OF ALFRED J. COLE, JR., § § § § § § | | |
| Plaintiffs, § | | |
| V. § | No. 3:19-cv-1481-G-BN | |
| § | | |
| SELECT PORTFOLIO SERVICING, INC. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2006-2 ASSET BACKED NOTES, § § § § § § § § § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge A. Joe Fish. *See* Dkt. No. 4.

Defendants Select Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust Company, as Indentured Trustee, have filed a motion for summary judgment. *See* Dkt. Nos. 13-15. Plaintiffs Ginger L. Cole, Stephanie Howard, and the Estate of Alfred J. Cole, Deceased, and Heirs of the Estate of Alfred J. Cole, Jr. have

not filed a response, and, after already receiving an almost-two-month extension of their deadline, the time to do so has expired.

For the reasons and to the extent explained below, the Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 13].

## Background

On February 17, 2006, Alfred J. Cole bought a home located at 621 Taryall Drive, Dallas, Texas 75224 (the "Property"). *See* Dkt. No. 14 at 2. Mr. Cole took out a loan of $75,000 from Home Funds Direct to finance the purchase. *See id.* at 4. He signed a Home Equity Note and an Affidavit and Agreement, and secured the Note through a Home Equity Security Interest (the "Security Instrument"). *See id.* Exs. A-1 (the Note), A-2 (Security Instrument and Affidavit). The Affidavit and Security Instrument were recorded in the official public records of Dallas County, Texas on February 28, 2006. *See id.* at 4.

Home Directs Funds, through its nominee Mortgage Electronic Registration Systems, Inc., assigned the Security Instrument to Deutsche Bank on September 20, 2011. *See id.* Ex. A-3. The assignment was recorded on October 12, 2011. *See id.* at 4. Before the Note was assigned, Deutsche Bank executed a limited power of attorney "making SPS a lawful Attorney in Fact for Deutsche Bank." *Id.* at 5; *see id.* Ex. A-4. The power of attorney was recorded in the real property records of Salt Lake County, Utah. *See id.* at 5.

In 2012, the Property passed through probate after Mr. Cole's death. *See* Dkt. No. 1-1 at 7. As the legal heirs to Mr. Cole, Plaintiffs Stephanie Howard and Ginger Cole were each awarded a fifty-percent interest in the Property. *See id.*

In February 2016, Plaintiffs defaulted on the loan. *See* Dkt. No. 15-1 at 5. SPS sent notices of default by certified mail on February 26, 2016, informing "the debtor that the Loan was in default, that the amount necessary to cure the default was $8,187.57, and that a failure to cure could result in acceleration of the Loan." *Id.* SPS sent the notices to the last known address of the debtor, which was the Property address, and to the authorized user of the loan, Ms. Howard. *See id.* Ex. A-6 (notice sent to the Property); A-7 (notice sent to Ms. Howard).

After Plaintiffs failed to cure the default, Defendants' foreclosure counsel sent a notice of acceleration to the Property address. *See* Dkt. No. 15-2 at 2; Ex. B-1. On August 1, 2018, Defendants filed an Application for an Expedited Order Under [Texas Rule of Civil Procedure] 736 in the District Court of Dallas County, Texas, requesting an order allowing them to proceed with a non-judicial foreclosure. *See id.* at 3. Several months later, the state district court issued an Order Granting Petitioner's Application for Expedited Foreclosure. *See id.* Ex. B-3. Defendants then sent a notice of trustee's sale to the Property address and to Ms. Howard noticing a June 4, 2019 foreclosure sale. *See id.* Ex. B-4.

The day before the sale, Plaintiffs filed their Original Petition in the state district court of Dallas County, Texas. *See generally* Dkt. No. 1-1. On June 21, 2019,

Defendants filed an answer to the Petition and removed the case to this Court based on diversity jurisdiction. *See* Dkt. No. 1.

In their Petition, Plaintiffs assert Defendants are not the holders of the Note and failed to provide notice of default as required under Texas law. *See* Dkt. No. 1-1 ¶¶ 11-15. Plaintiffs claim that Defendants' attempt to foreclose without the Note and without proper notice violates the Texas Property Code, the Texas Business and Commercial Code, and the Texas Finance Code. *Id.* ¶¶ 19-21. Plaintiffs also seek a declaratory judgment to stay the foreclosure sale. *Id.* ¶ 25.

Defendants now move for summary judgment on all of Plaintiffs claims. *See* Dkt. No. 13. Plaintiffs missed two deadlines to respond to the motion, filing late motions to extend after each deadline passed. *See* Dkt. Nos. 20, 23. The Court granted a final extension on September 18, 2020, requiring Plaintiffs to file their response by September 25, 2020. *See* Dkt. No. 25. No response was filed.

**Legal Standards**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of

the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511;

*Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to

summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

Plaintiffs have not responded to Defendants' Motion for Summary Judgment. Plaintiffs' failure to respond does not permit the Court to enter a "default" summary judgment. *See Johnson v. Herzog Transit Servs., Inc.*, No. 3:11-cv-803-D, 2013 WL 164222, at *1 (N.D. Tex. Jan.15, 2013); *see also Settlement Capital Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 553 (N.D. Tex. 2009) ("Summary judgment may not be awarded by default merely because the nonmoving party has failed to respond. A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." (footnotes omitted)). But the Court is permitted to accept Defendants' evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). And Plaintiffs' failure to respond means that they have not designated specific facts showing that there is a genuine issue for trial on any of their claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

## Analysis

**I. The Court should grant Defendants' motion on Plaintiffs' Texas Property Code claim for failure to provide notice of default.**

Defendants are entitled to judgment on Plaintiffs' Texas Property Code claim for failure to provide notice because they provided notice to all the required parties.

Under the Texas Property Code, a mortgage servicer must provide a defaulting debtor with Notice of Default via certified mail "and giv[e] the debtor at least 20 days to cure the default before notice of sale can be given." TEX. PROP. CODE § 51.002(d). Service of the notice of default by certified mail is complete when the notice is deposited in the United States mail, postage paid and addressed to the borrower at the borrower's last known address. *See id.* §51.002(e). "There is no requirement that [the debtor] receive the notice." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). A subsequent written notice of acceleration is not required. *See generally* TEX. PROP. CODE § 51.002.

Here, Defendants attached the notices of default that they sent to the Property address and to Ms. Howard. *See* Dkt. No. 15-1 Exs. A-5, A-6. The notices show that Defendants gave Plaintiffs well over twenty days to cure the default before filing for an application for expedited foreclosure under Texas Rule of Civil Procedure 736. *See id.* In addition to attaching the notices, Defendants have confirmed that the notices were sent by certified mail in a declaration signed by their attorney of record. *See* Dkt. No. 15-1 at 4. Defendants therefore "satisfied [their] burden of proof by presenting evidence of mailing the notice and an affidavit to that effect." *Martins*, 722 F.3d at 256; *see also* TEX. PROP. CODE § 51.002(e) ("The affidavit of a person

knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.").

Contrary to Plaintiffs' contentions, Defendants were not required to send a notice of default to Ginger Cole. The Texas Property Code's notice requirements extend only to debtors in default. *See* TEX. PROP. CODE § 51.002(d). Only parties that sign the note are considered a debtor for these purposes. *See Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 361 (5th Cir. 2014). Because Ginger Cole did not sign the Note, *see* Dkt. No. 15-1 Ex. A-2 at 27, she is not considered a debtor who is owed notice under the Texas Property Code.

And the fact that Ginger Cole is an heir to Mr. Cole does not change this conclusion. There is no requirement under Texas law "to conduct some level of investigation to determine the legal heirs for purposes of proper notification prior to foreclosure." *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 55 (5th Cir. 2008).

The Court should grant Defendants' motion as to Plaintiffs' deficient notice claim under the Texas Property Code.

## II. The Court should grant Defendants' motion on Plaintiffs' claims under the Texas Property Code, Business and Commerce Code, and Finance Code for failure to produce the original note.

Plaintiffs' claims under the Texas Property Code, Texas Business and Commerce Code, and Texas Finance Code for failure to produce the original note all fail because Defendants have produced evidence showing that Deutsche Bank is the holder of the note and because Defendants were not required to produce the original note before initiating foreclosure proceedings.

Plaintiffs have not shown there is a genuine dispute of fact as to whether Deutsche Bank is the current holder of the note. The assignment submitted as summary judgment evidence establishes that Deutsche Bank is the holder of the note. *See* Dkt. No. 51-1 at 4, Ex. A-3; *Leavings v. Mills*, 175 S.W. 3d 301, 309 (Tex. App. – Houston [1st Dist.], no pet.) ("A person can become the holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation."). And SPS had the authority to foreclose on behalf of Deutsche Bank under the power of attorney recorded on March 23, 2011. *See* Dkt. No. 15-1 Ex. A-4; *see also Darocy v. Chase Home Fin., LLC*, No. 3:10-cv-1259-L, 2012 WL 840909, at *10 (N.D. Tex. Mar. 9, 2012) (explaining that Texas law "contemplates that someone other than the holder of the original [loan documents] may lawfully foreclose on the security interest").

Plaintiffs have submitted no evidence to the contrary. Their only allegation on this point is that they "have reason to believe" that SPS "is not the current Holder in Due Course and Holder of the Original Note." Dkt. No. 1-1 at 9. These allegations rise no higher than the level of "[u]nsubstantiated assertions" and "unsupported speculation" that "are not sufficient to defeat a motion for summary judgment." *Brown,* 337 F.3d at 541.

And Plaintiffs' claims for failure to produce the original note fail as a matter of law. The Fifth Circuit has definitively rejected the "show-me-the-note" theory, which posits that, to foreclose, a party must produce the original note bearing a "wet ink signature." *Martins*, 722 F.3d at 253. Under Texas law, an "assignment of mortgages through MERS and its equivalents [is] valid and enforceable without production of

the original, signed note." *Id.* "The original, signed note need not be produced in order to foreclose." *Id.* at 254. Thus, even if Defendants did not produce the original note, they still had the authority to foreclose because Texas law does not "require the mortgage servicer to be the 'holder' of the Note … or to produce the original loan documents." *Sawyer v. Mortgage Elec. Registration Sys., Inc.*, No. 3:09-cv-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010), *rec. adopted*, 2010 WL 996917 (N.D. Tex. Mar. 17, 2010).

For these reasons, the Court should grant Defendants' motion as to Plaintiffs' claims regarding the original note.

### III. The Court should grant Defendants' motion as to Plaintiffs' declaratory judgment claim.

Because Plaintiffs' substantive claims should be dismissed, Plaintiffs have not stated a claim for declaratory relief.

"The [federal Declaratory Judgment Act] is a procedural device that creates no substantive rights.... [A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action." *Payne v. Wells Fargo Bank, N.A.*, No. 3:12-cv-5219-M BF, 2015 WL 1402321, at *6 (N.D. Tex. Mar. 26, 2015) (internal quotations and citation omitted) (granting Wells Fargo's motion for summary judgment as to the plaintiff's request for declaratory relief where the Court had determined that summary judgment should be granted with respect to the plaintiff's underlying, substantive claims), *aff'd sub nom. Payne v. Wells Fargo Bank Nat. Ass'n*, 637 F. App'x 833 (5th Cir. 2016); *accord Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990) ("[I]t is the

underlying cause of action ... that is actually litigated in a declaratory judgment action.").

Similarly, "[u]nder Texas law, a request for injunctive relief 'is not in and of itself a cause of action, but instead necessarily depends on an underlying cause of action.'" *Grace v. Everhome Mortg. Co.*, No. 3:13-cv-4563-B, 2015 WL 5146678, at *6 (N.D. Tex. Sept. 2, 2015) (citing *Wildy v. Wells Fargo Bank, NA*, No. 3:12-cv-1831-BF, 2013 WL 246860, at *6 (N.D. Tex. Jan. 21, 2013); *Cooks v. Wells Fargo Bank, N.A.*, No. 3:10-cv-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)). And, where a Court dismisses all of a plaintiff's substantive claims, as the undersigned recommends the Court do here, a plaintiff cannot maintain a claim for injunctive relief. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 n.15 (5th Cir. 2012) ("[A] request for injunctive relief absent an underlying cause of action is fatally defective.").

Plaintiffs request a declaratory judgment to stop Defendants from foreclosing on the Property. Because all of Plaintiffs' claims for relief fail as a matter of law, Plaintiffs' request for a declaratory judgment must also fail.

## Recommendation

For the reasons stated above, the Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 13].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 13, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE